UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ROLAND MUNIZ                                                                                               PLAINTIFF

v.                                          No. 2:21-CV-02182

STEVEN ERVIN                                                                                              DEFENDANT

## OPINION AND ORDER

Before the Court is Defendant Steven Ervin's motion (Doc. 8) to dismiss under Federal Rule of Civil Procedure 12(b)(6). Defendant filed a brief (Doc. 9) in support. Plaintiff has not responded to the motion, and the deadlines to respond to the motion or amend the complaint under Federal Rule of Civil Procedure 15 have passed. The motion will be granted.

Plaintiff brings a number of official capacity[1] claims against Defendant through 42 U.S.C. § 1983 arguing that Defendant violated Plaintiff's constitutional rights. Because Plaintiff proceeds pro se, the Court liberally construes his pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In ruling on a Rule 12(b)(6) motion to dismiss for failure to state a claim, the Court accepts as true all facts alleged in the complaint and grants all reasonable factual inferences in the plaintiff's favor. *Gallagher v. City of Clayton*, 699 F.3d 1013, 1016 (8th Cir. 2012). Those alleged facts must be specific enough "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of the cause of action will not do." *Id.* The Court is "not bound to accept

---

[1] Where, as here, the complaint is silent about the capacity in which a defendant is sued, courts in this circuit must assume the complaint raises only official capacity claims. *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999) ("This court has held that, in order to sue a public official in his or her individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise, it will be assumed that the defendant is sue only in his or her official capacity.").

1

as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). Though "the court generally must ignore materials outside the pleadings, . . . it may consider some materials that are part of the public record or . . . that are necessarily embraced by the pleadings." *Miller v. Redwood Toxicology Lab., Inc.*, 688 F.3d 928, 931 (8th Cir. 2012) (quoting *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)).

The Court broadly interprets Plaintiff's pleadings (Docs. 1 and 2). Plaintiff's separate statement of facts (Doc. 2) alleges Plaintiff was arrested and charged of a possession crime and accepted a plea bargain that he believed promised a sentence of probation with no supervision. The sentence imposed was probation with supervisory conditions. Defendant, who is Plaintiff's probation officer, required fortnightly probation visits. On one occasion in July 2021, Defendant entered a drug test failure in Plaintiff's record because Plaintiff was too dehydrated to urinate and the cup he was given for providing his urine sample came from a public bathroom, was unsanitized, and was potentially contaminated. On numerous occasions, Defendant directed Plaintiff to accept placement in a drug rehabilitation center under threat that Defendant would enter an instance of noncompliance on Plaintiff's record and reduce Plaintiff's chance of receiving parole. Plaintiff provided a record of his prescription medication to Defendant, who did not record or consider those prescriptions and the effect they can have on drug tests. Defendant subsequently determined based on urinalysis that Plaintiff used methamphetamine and marijuana. On at least one occasion, Defendant required Plaintiff to report to the probation office on a date different than Plaintiff's standard report date.

Though the allegations are absent from his "statement of facts," Plaintiff's complaint (Doc. 1) also alleges Defendant, relying on the threat of requiring Plaintiff to participate in a drug treatment rehabilitation program, required Plaintiff to surrender controlled substances that Plaintiff

did not have or use. Defendant also came to Plaintiff's residence, disconnected Plaintiff's security camera, and entered Plaintiff's residence without permission. Defendant destroyed or otherwise failed to record various grievances Plaintiff made regarding Defendant's conduct.

The Court takes judicial notice of the sentencing order (Doc. 8-1, pp. 1–2), order setting conditions of probation (Doc. 8-1, pp. 3–6), and order of probation (Doc. 8-1, pp. 7–8) filed in support of Defendant's motion. These documents are embraced by the complaint, are public records, and their authenticity is not in dispute. On November 5, 2020, pursuant to a plea agreement on charges for possession of drug paraphernalia, an adjudication of guilt was deferred and Plaintiff was sentenced to 36 months of probation. Several conditions of probation were imposed. Plaintiff was ordered to report as directed to his probation officer. Plaintiff was ordered to refrain from the sale, distribution, possession, or use of controlled substances without a legitimate prescription, and to submit to random testing for controlled substances, including by urinalysis at the direction of a probation officer. Plaintiff was ordered to submit to rehabilitative, medical, or counseling programs as his probation officer deemed appropriate. Plaintiff was also ordered to submit his person or place of residence to search by his probation officer at any time, with or without a search warrant.

Plaintiff's factual allegations fail to state a claim on which relief can be granted. The various constitutional violations Plaintiff identifies were each an instance of Defendant carrying out a criminal sentence imposed upon Plaintiff. First, the regular drug testing and reporting requirements alleged here do not violate the Constitution or the terms of the sentence, even if they are more than Plaintiff would prefer. Second, Plaintiff has no substantive constitutional right to a grievance procedure. *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). Finally, the alleged conduct most nearly resembling a constitutional violation was the search of Plaintiff's residence.

But "[w]hen an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable." *United States v. Knight*, 534 U.S. 112, 121 (2001). Here, Plaintiff alleges facts (including failed drug tests) that gave Defendant reasonable suspicion to conduct a search of Plaintiff's residence.

Of note, Defendant's subjective motives while carrying out the sentence imposed on Plaintiff are immaterial because "[w]ith the limited exception of some special needs and administrative search cases, . . . '[the Supreme Court has] been unwilling to entertain Fourth Amendment challenges based on the actual motivations of individual officers.'" *Id.* at 122 (quoting *Whren v. United States*, 517 U.S. 806, 813 (1996)).

IT IS THEREFORE ORDERED that Defendant's motion to dismiss (Doc. 8) is GRANTED and this case is DISMISSED WITH PREJUDICE. Judgment will be entered separately.

IT IS SO ORDERED this 10th day of January, 2022.

/s/ P. K. Holmes, III
P.K. HOLMES, III
U.S. DISTRICT JUDGE